MARY A. MYERS *v.* J. P. LITTLE ET AL.

1. MARRIED WOMAN. *Trust in lands bought by husband. Rights of creditors. Code of 1857.*

Art. XXIV, Chap. 40, of the Code of 1857, provided that, "if the husband shall purchase property in his own name, with the money of his wife, he shall hold the same only as trustee for her use; but such trust shall be void, as against the creditors of the husband, who contracted or gave credit in consequence of the possession of such property." This provision had the effect to protect creditors who contracted or gave credit upon the faith of property held by the husband in the circumstances contemplated by the statute, whether the wife's money was used in paying for the property subsequently to the purchase thereof, or was invested in it at the time of the purchase.

2. SAME. *Trust in land, under Code of 1857. Officer contracting as representative of creditors.*

Where, under the Code of 1857, a husband bought land with his wife's means, but took the title in his own name, and was afterwards accepted as surety on an administrator's bond upon the faith of the officer, whose duty it was to take the bond, that he was the owner of the land thus held, the wife cannot assert her trust therein against the creditors of her husband who have obtained judgment upon such bond, they being protected by the statutory provision above quoted.

APPEAL from the Chancery Court of De Soto County.

EUGENE JOHNSON, Esq., Special Chancellor, by agreement of parties, Hon. J. B. MORGAN being disqualified.

In 1865, S. C. Myers became a surety on the bond of George Myers, as administrator of the estate of his father, George Myers, deceased. In April, 1877, the distributees of this estate brought an action on the bond of the administrator and recovered a judgment thereon for $1,622 against him and his sureties. Under this judgment a certain tract of land was levied on and sold as the property of S. C. Myers, and was bought by the plaintiffs in the judgment for $400. The purchasers thereupon instituted an action of ejectment to recover possession of the land. Then Mary A. Myers, the wife of S. C. Myers, filed the bill in this cause against him and the plaintiffs in the action of ejectment, alleging that the land was bought in 1860 for her, and paid for with her money at the time of the purchase, though the title was taken in her

husband's name, and praying that the plaintiffs in the ejectment suit be enjoined from further prosecuting the same, and that she be invested with the legal title to the land. The defendants answered the bill, and averred that S. C. Myers was taken on George Myers' bond as administrator, and the bond approved by the proper officer, on the faith of his ownership of the property in controversy. Both sides took testimony, but the facts established by the proof are sufficiently indicated in the opinion of the court. Upon final hearing, a decree was rendered by the court dismissing the bill; and from that decree the complainant appealed.

*H. C. Watson*, for the appellant.

1. The resulting trust as known to, and enforced by, courts of equity, and the statutory trust provided for by sect. 1779, of Code of 1871, and sect. 5, Art. XXIV., p. 336, of the Code of 1857, I conceive to be entirely distinct and of different natures — each having distinct and well defined characteristics and each arising under circumstances and surroundings peculiar to itself. It was not intended that the statute should change or supersede the rules and doctrines of resulting trusts as known to, and enforced by, courts of equity before the passage of the statute. The distinctive qualities of the two species of trusts are adverted to and commented on by this court in *Brooks* v. *Shelton*, 54 Miss. 353; *Porter* v. *Caspar*, 54 Miss. 359; *Robinson* v. *Payne*, 58 Miss. 690. Does the resulting trust as defined and recognized by the general principles of equity jurisprudence arise in this case? If so, the restrictions which surround, limit and hem in the statutory trust do not apply to or affect it in any manner. *Porter* v. *Caspar*, 54 Miss. 359.

This is clearly a case where the resulting trust proper springs up. As between strangers the trust would certainly arise; and the rule is not different when the husband uses the wife's money, her separate property, in the purchase,— a trust results in her favor. *Methodist Episcopal Church* v. *Jaques*, 1 Johns. Ch. 450; *Taylor* v. *Smith*, 54 Miss. 50; Perry on Tr., sect.

127, note and authorities cited; *Click* v. *Click*, 1 Heisk. 607 ; *Sandford* v. *Weeden*, 2 Miss. 71 ; *Bloomer* v. *Bloomer*, 6 Jere Baxter, 98 ; *Tilford* v. *Tony*, 53 Ala. 120.

This equity is good, and can be enforced against all persons, except *bona fide* purchasers for value. Purchasers at a sheriff's sale are not such purchases ; they are in the eyes of the law mere volunteers, and take subject to all prior equities. 41 Miss. 267 ; *Meade* v. *Thompson*, 41 Miss. 450 ; *McClanahan* v. *Burrow*, 56 Miss. 664 ; *Walton* v. *Hargroves*, 42 Miss. 18 ; *Miss. Valley Co.* v. *Chicago Railroad Co.*, 58 Miss. 846 ; *Gors* v. *Elliot*, 1 Heisk. 613 ; *Click* v. *Click*, 1 Heisk. 607 ; 41 Miss. 267.

2. The credit was not given in consequence of the possession of the property in controversy by the defendants herein. There is no proof or pretence that the parties directly looked to this land or gave any credit on account of the apparent ownership by S. C. Myers of the land in controversy ; but it is said the clerk gave credit upon the apparent ownership. The clerk was not a creditor, and we do not think that even if he took Myers on the bond on account of his ownership of the property, that that fact would constitute the distributees of the Myers estate creditors of S. C. Myers, who gave credit in consequence of the possession of such property.

*T. W. White*, for the appellees.

Counsel for appellant contends that the use of the money of Mrs. Myers by her husband for purchasing the land in controversy and taking title to the same in his own name, gives her a resulting trust in it, such as has been enforced in such cases by courts of equity, at all times and not the right given by the statute of 1857, p. 355, and sect. 1779, Code 1871. We think that the case of *Brooks* v. *Shelton*, 54 Miss. 353, settles the question the other way, the facts as to the purchase made, and means of payment, being almost identical. See also *Kaufman* v. *Whitney*, 50 Miss. 103.

As to the question as to whether the credit was given on the faith of this property, the facts are quite as strong as those

in the *Brooks* v. *Shelton* case.  S. C. Myers owned no other
land and had owned none since 1860 — a period of fifteen
years.   He sold out his land, then immediately bought the
land in controversy, moved on to it, paid at least half of the
purchase-money with his own means, taking title in his own
name.   He had no visible property, except three mules, two
horses, a few cows and hogs.  What notes and money he
claims to have had were and could be no basis of credit.
There is no proof that Mrs. Myers claimed the property as
purchased with her money.

A. W. Smith, the clerk who took Myers as surety on the
bond, testifies expressly that he was accepted on the faith
that he was the owner of real estate, and while the clerk is
not himself a creditor, he, in taking bond, was the agent or
trustee, acting for their benefit, elected to and holding his office
for doing such acts for their interest.

COOPER, J., delivered the opinion of the court.

The money of the appellant was invested in the lands in con-
troversy subsequent to the adoption of the Code of 1857, and
her rights are measured by its provisions.  By Art. XXIV., of
Chap. 40 of that Code, it was declared " if the husband
shall purchase property in his own name with the money of
the wife, he shall hold the same only as trustee for her use ;
but such trust shall be void as against the creditors of the hus-
band, who contracted or gave credit in consequence of the
possession of such property."

The object of the statute was twofold.  First, to prevent
the husband, who presumably would transact the business of
the wife owning a separate estate, from absorbing it by invest-
ments in his own name ; and second, to protect creditors who
dealt with him on the faith of the apparent ownership by him
of the estate from the secret equity of the wife.

We find nothing in the statute supporting the proposition
contended for by counsel for the appellant, that creditors are
protected by the statute only in cases where the money of the

wife, was used by the husband in paying for property which he had previously bought, and are not protected when the husband, at the time of the purchase of property, invested her money in its payment.

Both the spirit and letter of the law concur in declaring immunity from the claims of the wife where the contract is made or credit given in consequence of the, possession of the property by the husband, without regard to the time when, or the circumstances under which, the funds of the wife were invested.

The appellees personally neither contracted with nor gave credit to the husband, S. R. Myers, but the officers to whom the law delegated the authority to approve the sureties tendered by the administrator, gave credit to him because of the apparent ownership of the lands by Myers. These officers, though designated by law, and not selected by the appellees, were in this matter the representatives of appellees' interests, and the credit thus extended by their representatives entitles them to invoke the protection of the statute.

The decree is affirmed.